Aponte Jiménez, Juez Ponente
*852 TEXTO COMPLETO DE LA SENTENCIA
Nos toca resolver si la Autoridad de Energía Eléctrica erró al negar a la recurrente acreditarle experiencia de trabajo obtenida fuera de la Autoridad a los fines de poder ocupar una plaza dentro de la agencia y al ordenar su Director Ejecutivo la celebración de una vista evidenciaría para que un oficial examinador adjudique la cuestión. Los eventos procesales y hechos relevantes, no están en controversia.
El 17 de noviembre de 1997, la recurrente Mary I. González Nieves fue seleccionada para ocupar la plaza de Supervisora de la Sección de Plan de Servicios Médicos en la Autoridad de Energía Eléctrica. Hasta ese momento se desempeñaba como Asesora Económica del Presidente del Senado de Puerto Rico. Al comenzar a trabajar en la A.E.E., recibió la orientación inicial que se le brinda a nuevos empleados. Como parte de dicho proceso se le entregaron varios documentos. Entre ellos se encontraba un escrito indicándole que el solicitante “puede solicitar se reconozcan todas las experiencias de trabajo anteriores...”. Dicho escrito le advertía además, que para ello disponía de sesenta (60) días calendarios después del reclutamiento.
El 16 de octubre de 1998, casi un año después, dos supervisoras endosaron una Solicitud de Acción de Personal para un segundo nombramiento a favor de la recurrente al puesto de Supervisora de la Sección de Plan Médico. La Sección de Personal Elegible devolvió la referida Acción de Personal. Señaló que la recurrente no contaba con la experiencia necesaria requerida. Es entonces que la recurrente cumplimenta una solicitud para que se le certificara la experiencia de trabajo anterior. La misma tiene fecha de primero (1ro) de diciembre de 1998. Por haberse solicitado fuera de la fecha límite concedida, según las directrices de la A.E.E., la misma le fue denegada. Dicha comunicación añadió que para un empleado de nuevo ingreso poder solicitar que se le reconozcan todas las experiencias de trabajo anteriores adquiridas fuera de la A.E.E. tenía sesenta (60) días calendarios a partir de la fecha de su reclutamiento para presentar su solicitud. Anteriormente se le había informado a la recurrente que al dejar de completar el procedimiento de certificación de experiencia dentro del referido término de sesenta (60) días, tendría que cumplir con él período de dos (2) años de experiencia que requería la plaza solicitada antes de otorgarle un nombramiento regular.
En desacuerdo, apeló la denegatoria del nombramiento ante el Director Ejecutivo. Este sostuvo como correcta la denegación del nombramiento. Asimismo, le negó la vista administrativa que solicitó. Por vía de *853 reconsideración, el Director Ejecutivo le envió una nueva comunicación a la recurrente. Le indicó que se reafirmaba en la determinación, de denegarle la solicitud de certificación de experiencia por ser ésta correcta. No obstante, le concedió la vista evidenciaría que solicitó para que en ella pudiese exponer sus planteamientos. Refirió la reclamación a la oficina de Asuntos Laborales para que le fuera asignado un oficial examinador.
Inconforme con dicha acción, presenta la recurrente el escrito de revisión que nos ocupa. En síntesis, impugna la determinación de no convalidarle el trabajo realizado fuera de la A.E.E. Por los fundamentos que a continuación esbozamos, expedimos el auto de revisión solicitado a los únicos fines de devolver el caso a la A. E.E. con instrucciones de que se celebre la vista ordenada por el Director Ejecutivo, conforme los términos de su directriz.
La doctrina de agotamiento de remedios administrativos, como norma de conveniencia práctica, es de aplicación al caso de autos. Como se sabe, la misma se ha desarrollado para establecer el foro que corresponde inicialmente adjudicar la controversia y determinar el momento propicio para la intervención judicial. La decisión de una agencia no está madura, sino hasta que se hayan agotado los remedios que concede la agencia. Gobierna el momento en que un tribunal está mejor informado para tomar una decisión sobre el recurso instado. Bajo ese requerimiento, se pospone la etapa en la cual se puede acudir a los tribunales hasta que el litigante agote todos los remedios disponibles en el foro administrativo. Rivera v. E.L.A., 121 D.P.R. 582 (1988); Guadalupe v. Saldaña, 133 D.P.R. 4 (1993).
Su objetivo es determinar la etapa en la cual el litigante puede recurrir a los tribunales. De ese modo se evita una intervención judicial innecesaria y a destiempo que interfiera con el cauce y desenlace normal del proceso administrativo. Delgado Rodríguez v. Nazario De Ferrer, 121 D.P.R. 347 (1988); Igartúa De La Rosa v. Adm. Del Derecho al Trabajo, 98 J.T.S. 157. Se le permite a la agencia rectificar sus errores durante el proceso administrativo evitando la intervención judicial a destiempo e infundada. Así se logra el balance de poderes que debe existir entre las agencias administrativas y los tribunales y se permite la compilación de un récord administrativo completo que facilite el proceso de revisión judicial. Mercado Vega v. U.P.R., 128 D.P.R. 273 (1991). La necesidad y conveniencia de tener un récord administrativo completo, aconsejan que se culminen los procesos administrativos antes del examen judicial. Vélez Ramírez v. Romero Barceló, 112 D.P.R. 716 (1982).
La Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), recoge la doctrina de agotamiento de remedios en su sección 4.3 (3 L.P.R.A. see. 2173). Establece que “el tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifique agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o si resulta inútil agotar los remedios administrativos por la dilación excesiva de los procedimientos, o se trata de un caso claro de falta de jurisdicción de la agencia, o un asunto estrictamente de derecho que convierte en innecesaria la pericia administrativa”. Id.
Salvo las excepciones reconocidas por la doctrina de agotamiento de remedios administrativos, nadie puede invocar un remedio judicial hasta haber finalizado los procedimientos en el foro administrativo. Esto no sólo evitará la intervención judicial prematura, sino que, en ocasiones, la propia agencia podría rectificar sus errores en etapas avanzadas del proceso. Cualquier intervención judicial prematura e injustificada puede trastocar ese proceso. Delgado Rodríguez v. Nazario De Ferrer, 121 D.P.R. 347 (1988); Aponte Correa v. Policía de P.R., 142 D.P.R. 9 (1996).
*854 En el caso de autos, si bien el Director Ejecutivo de la A.E.E. confirmó la decisión tomada por los funcionarios de la agencia relacionada con su solicitud de nombramiento Gerencial Regular Condicional a los efectos de no convalidar la experiencia de trabajo de la recurrente fuera de la A.E.E., le concedió a ésta la celebración de una vista evidenciaría donde pudiese presentar sus planteamientos ante un oficial examinador. Aún así, la recurrente presentó escrito de revisión ante este Tribunal impugnando la determinación de la agencia. La presentación del recurso ante este Tribunal fue de forma prematura debido a que los procedimientos ante la agencia aún no habían culminado conforme los propios términos del dictamen recurrido.
De otra parte, el Procedimiento de Querellas para Empleados de Carrera No Unionados de la A.E-.E. (Procedimiento) establece el trámite a seguir en algunos de los casos en los cuales un empleado de la A.E.E;, no cubierto por el convenio colectivo, apela una determinación tomada por la agencia y la violación a sus derechos bajo las normas administrativas de la agencia. Art. Ill, inciso 1. Define, asimismo, al oficial examinador como abogado que no sea empleado de la Autoridad designado para oír la prueba presentada pOr las partes y emitir una decisión una vez sometido el caso. Id., Art. II, inciso 3 del Procedimiento. El Art. Vil del Procedimiento establece que el oficial examinador, a base del récord y de la evidencia presentada, emitirá su decisión, conforme a derecho, dentro de los treinta (30) días laborables luego de sometido el caso. Dicha decisión debe emitirse por escrito e incluir separadamente determinaciones de hecho y de derecho. Es el oficial examinador quien reconsidera sus decisiones y de éstas se recurre al Tribunal. Id., Art. IX dél Procedimiento;
A diferencia de otras agencias, el oficial examinador, en estos casos, no se limita a emitir sólo una recomendación. Es el facultado para determinar los méritos sobre la controversia ante su consideración. Sü decisión no está sujeta a cambio por el Director Ejecutivo y sólo es revisable por este Tribunal, en función de nuestra jurisdicción apelativa. Por lo tanto, la carta enviada por el Director Ejecutivo a la recurrente no tiene efecto alguno en relación con la denegación de la experiencia adquirida por ésta fuera de la A.E.E. y su validez. Compete al oficial examinador que se designe determinar si la misma se le convalida. Es éste quieri en última instancia determinará los derechos de la recurrente en relación con esa controversia. Sólo después de celebrada la vista y de emitida la decisión final del oficial examinador, puede presentar escrito de revisión ante nuestra consideración, de serle adverso el dictamen que sobre el particular se emita.
Los autos no revelan circunstancias que ameriten apartamos de la doctrina de agotamiento. El remedio que se concede no es inadecuado. Todo lo contrario. En la vista que se celebre se podrán levantar todos los planteamientos que se incluyen en este recurso, los cuales serán atendidos y resueltos por el oficial examinador. No se nos acredita qué daño irreparable, si alguno, resultare por tener que acudir la recürreiité al aludido procedimiento. Ciertamente, el balance de los intereses justifica agotar los remedios administrativas disponibles. La agencia tendrá la oportunidad de interpretar la disposición impugnada y establecer los criterios que corresponda, conforme su conocimiento especializado sobre la materia. Tampoco consideramos que la celebración de una vista administrativa derrote los principios de derecho constitucional que protegen a la recurrente. Sencilla y llanamente, el Director Ejecutivo le concedió precisamente lo que ella pidió, i.e., ía celebración de una vista imparcial ante un oficial examinador que adjudique su reclamo como alternativa.
Por los fundamentos antes expuestos, se expide el auto de revisión solicitado a los únicos fines de ordenar que se celebre la vista concedida por el Director Ejecutivo donde se deberán considerar y adjüdicár los planteamientos de la recurrente.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oqüendo Gráuláu
Secretaría General
*855 ESCOLIO 2000 DTA 40
1. No se nos escapa que el Procedimiento de Querellas para Empleados de Carrera No Unionados de la A.E.E. establece un vehículo de apelación distinto al utilizado por la recurrente. Véase, Art. III, págs. 2 a la 5.